(118 So. 502)

## ROBERT S. ARMSTRONG & BROS. CO. v. ROWLAND. (7 Div. 366.)

Court of Appeals of Alabama. Nov. 8, 1928.

Pruet & Glass, of Ashland, for appellant.

A. L. Crumpton, of Ashland, for appellee.

SAMFORD, J. The defendant sold and shipped from Lineville, Ala., to the plaintiff at Atlanta, Ga., a carload of iron pipe. The terms of sale were 55 cents per foot, f. o. b. Atlanta. The shipment was made: "To order, notify plaintiff." The defendant upon shipment drew a draft for the price of the pipe, less $116.15, estimated for freight, and attached same to the bill of lading, which was sent through the usual channels to plaintiff, and paid by it. When the shipment arrived at its destination, the delivering carrier, the Atlanta & West Point Railroad, demanded and received of plaintiff, as freight on the shipment, $170.20. The plaintiff then notified defendant of the payment, and demanded of defendant the difference to wit $54.05. Instead of a prepayment of the freight by defendant, the payment was made at destination by plaintiff at the request of defendant.

■ Undoubtedly the action for money had and received is the proper remedy, and the plaintiff would be entitled to recover, if it had paid an amount for which the defendant was liable. Therein lies the issue.

■ The general rule is that the consignor, consignee, and carrier of freight are alike charged with notice of the lawful rate as fixed by the Interstate Commerce Commission, and no excuse which operates as an evasion of that rate is at law a defense of a proved violation of such rate. Mistake, inadvertence, honest agreement, and good faith are alike unavailing. Emerson v. C. of G. Ry. Co., 196 Ala. 280, 72 So. 120, L. R. A. 1916F, 120. So it would make no difference what rate was named in the bill of lading in this case, or what the agent of initial carrier told defendant the rate was; under the contract of sale of the pipe, defendant was liable to pay the legal rate as fixed by law, and, although the bill of lading fixed the amount at $116.15, if the legal rate was $170.20, and this amount was paid by plaintiff, then defendant is liable in this action.

■■ While the defendant was obligated to pay the freight on the carload of pipe, the obligation did not exceed the lawful rate as fixed by the Interstate Commerce Commission, and the burden was on the plaintiff to prove the correctness of the charge of $170.20, which it paid. To do this it offered as a witness Otho Dean, who testified: "I am with the Ashland Railroad," whether as president or a section foreman does not appear. At any rate, he does not qualify as to his knowledge of rates. If he had qualified as a rate expert, his testimony would have been admissible. Shepherd Lumber Co. v. A. C. L. R. Co., 216 Ala. 89, 112 So. 323. He further said: "I have the Southern classification rate here," and offered to testify from that. As has been seen, if this witness had qualified as an expert, he might have so testified, but, not having so qualified, the court properly sustained the defendant's objection. This witness was asked: "Is this (indicating book in witness' hand) the Southern classification rate book as published by them?" This question was objected to, and objection sustained. The court does not judicially know what the Southern classification rate book is, nor does it judicially know who the "them" is referred to in the question. The published rates as made and published by the Interstate Commerce Commission would have been admissible, but, to be admissible, they must have been identified as such. The rulings of the court regarding these questions as presented were free from error.

The ruling of the court in excluding the telegram dated June 5th from defendant to plaintiff could not in any way affect this case. It was only in confirmation of a contract that is not denied.

The giving of the general charge as requested by the defendant, and the refusal to give the general charge as requested by plaintiff, presents the real questions of merit as shown by this record.

■ The rulings of the Interstate Commerce Commission, together with the rates as fixed by it, are presumed to be known to consignor, consignee, and shipper, and, while this is *practically* a fiction, and frequently works a hardship, it is the law of the land, declared in many decisions. Emerson v. Central of Ga. Ry. Co., supra, and authorities there cited. As was pointed out by Mr. Justice Hughes in L. & N. Ry. Co. v. Maxwell, 237 U. S. 94, 35 S. Ct. 494, 59 L. Ed. 853, L. R. A. 1915E, 665, it is necessary, in order to protect the purpose of the law which seeks to preserve one rate for everybody, that there be but one rate, open to all alike, and from which there can be no departure. To this end all parties dealing with the rates as approved and published by authority of the Interstate Commerce Commission are concluded by them. But it would not be practicable to charge the courts with a knowledge of these

rates, so as to obviate the necessity for making proof of them in cases where the correct rate is in controversy. Hartwell Ry. Co. v. Kidd, 10 Ga. App. 771, 74 S. E. 310; Cranor v. So. Ry. Co., 13 Ga. App. 86, 78 S. E. 1014; Warren v. Cleveland, C., C. & St. L. R. Co., 156 Ill. App. 111.

■ Courts do judicially know that common carriers in this country, engaged in interstate shipment of freight, must make and file with the Interstate Commerce Commission its schedule of rates, based upon certain classification, subject to the rules and regulation of the Interstate Commerce Commission. We will always presume that this is done by the carriers. We also know that the railroads have published a book, which is on file with the Interstate Commerce Commission, known as "Consolidated Freight Classification." We also know that from these classification rates of freight may be determined, but we do not take judicial knowledge of the calculations to be made, which are necessary to ascertain a rate from one certain point to another. 23 Corpus Juris, 60, par. 1810; Id., 100, par. 1899.

This leaves the plaintiff without proof of any rate, except such as is named in the bill of lading, and this rate, when calculated, aggregates the amount paid by the defendant.

We find no error in the record, and the judgment is affirmed.

Affirmed.